IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ALVIN DAVIS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 21-106-RAW-KEW** |
| ) | |
| **RICK WHITTEN, Warden,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2254. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at North Fork Correctional Center in Sayre, Oklahoma. He is attacking his conviction in McIntosh County District Court Case No. CF-2003-85 for First Degree Murder, raising the following ground for relief:

> I am an Indian, and my crime occured in the McIntosh County, i.e. of the Muscogee (Creek) Nation Reservation. i.e. Indian Country. And according to the Murphy v. Sharp, 140 S. Ct. 2452 (2020); The State of Oklahoma did not have Jurisdiction to Prosecute Nor Sentence me. . . .

(Dkt. 1 at 5) (spelling and syntax in original).

Respondent's motion to dismiss alleges, among other things, that Petitioner's habeas petition is second or successive (Dkt. 8). The record shows that on August 9, 2005, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's Judgment and Sentence in Case No. F-2003-1333 (Dkt. 9-1). The OCCA denied Petitioner's petition for rehearing

on September 6, 2005 (Dkt. 9-4). Because Petitioner did not seek certiorari review from the United States Supreme Court, his conviction and sentence became final on December 5, 2005, upon expiration of the 90-day period for a certiorari appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed).

On December 4, 2006, Petitioner filed through counsel a preliminary habeas corpus petition in this Court's Case No. CIV-06-525-FHS-KEW (Dkt. 9-5). On July 16, 2007, this Court dismissed the petition for Petitioner's "continued failure to obey this court's orders" with respect to filing an amended petition (Dkt. 9-6 at 1). On appeal, the Tenth Circuit Court of Appeals reversed the dismissal and remanded to this Court to determine "(1) whether to sanction counsel and (2) whether to grant Mr. Davis additional time to file an amended complaint or to accept his original petition for review on the merits." *Davis v. Miller*, 571 F.3d 1058, 1065 (10th Cir. 2009) (Dkt. 10-7).

On August 20, 2009, Petitioner filed through counsel an amended habeas corpus petition in Case No. CIV 06-525-FHS-KEW (Dkt. 10-8). On November 16, 2009, this Court dismissed Petitioner's amended petition on the merits (Dkt. 10-9). The Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal in *Davis v. Miller*, 381 F. App'x 863, 864 (10th Cir. 2010) (Dkt. 10-10).

In Petitioner's present petition, he alleges the State lacked jurisdiction to prosecute

2

him in light of the Major Crimes Act, 28 U.S.C. § 1153, and the recent *Murphy* decision, because he is an Indian and the crime occurred in Indian Country. This is a new claim that was not raised in his 2006 preliminary habeas petition or his 2009 amended habeas petition (Dkts. 10-5, 10-8).

Respondent asserts that because this Court has no jurisdiction to consider Petitioner's present petition, it should be dismissed pursuant to 28 U.S.C. § 2244(b):

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> . . .

28 U.S.C.A. § 2244.

It is Petitioner's burden to make a prima facie showing that he satisfies the AEDPA

criteria. *See* 28 U.S.C. § 2244(b)(3)(C) ("The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.").

The record shows that on June 14, 2021, Petitioner filed in the Tenth Circuit a motion to file second [or] successive habeas petition in Case No. 21-7030 (Dkt. 13-1). On July 6, 2021, the Tenth Circuit denied the motion (Dkt. 15), holding as follows:

> We may grant authorization if Mr. Davis shows that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A). He has not made this showing. *McGirt* did not announce a new rule of constitutional law; instead, it interpreted various statutes and treaties and concluded that because Congress never disestablished the Creek Reservation it remains Indian Country today. *See* 140 S. Ct. at 2462-82. Accordingly, Mr. Davis cannot meet the standard for authorization in § 2244(b)(2)(A). We therefore deny his motion. . . .

*In re Davis*, No. 21-7030, slip op. at 2 (10th Cir. July 6, 2021) (Dkt. 15).

After careful review, the Court finds that Petitioner has failed to obtain authorization from the Tenth Circuit to file a second or successive habeas corpus petition, as required by 28 U.S.C.A. § 2244.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is DENIED a certificate of appealability. *See* Rule 11(a) of

the Rules Governing Section 2254 Cases.

**ACCORDINGLY,**

1. Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus (Dkt. 8) is GRANTED, and the petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. Petitioner is DENIED a certificate of appealability.

3. Petitioner's motion to stay proceedings (Dkt. 12) is DENIED AS MOOT.

**IT IS SO ORDERED** this 10th day of November 2021.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA